UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Mariama Moore, | Case No. 23-cv-0908 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| US Bank National Assoc. and Robert Moore, | |
| Defendants. | |

---

On April 10, 2023, Plaintiff Mariama Moore filed an employment-discrimination suit against Defendants US Bank National Assoc. and Robert Moore (collectively "Defendants") Before the Court is Mariama Moore's application to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) For the reasons addressed below, the Court denies the IFP application and dismisses the case.

An IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Under 28 U.S.C. § 1915(a)(1), an individual who wishes to proceed IFP in a suit must submit "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In reviewing

whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Rule 8(a)(2) of the Federal Rules of Civil procedure requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Conclusory allegations that a claimant was the victim of discrimination, without more, are insufficient to state a claim on which relief may be granted under federal law. *See Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1015 (8th Cir. 2013).

Here, the Court reviewed the IFP application and concludes that Mariama Moore qualifies financially for IFP status, but she fails to state a claim on which relief may be granted. Mariama Moore alleges that Defendants interviewed her for a job opening but "fail[ed] to make [an] offer of employment" and did not review her resume and work history. (*See* Complaint, Dkt. 1 at 5.) Based on those allegations—and nothing else—Mariama Moore alleges that Defendants discriminated against her because of her race,

religion, national origin, color, gender, disability status, age and "Other," all in violation of federal law. (*Id*. at 4-5.)

Mariama Moore has not offered any factual basis from which to conclude that Defendants treated her differently on account of her race, religion, or other impermissible factor — for example, Mariama Moore does not point to similarly situated applicants who were treated differently from her. *Id*. Without further factual allegations that, if later proved true, would establish that Defendants acted with unlawful discriminatory animus, the Court cannot regard Mariama Moore's claims of discrimination as plausible. Accordingly, the Court denies Mariama Moore's application to proceed IFP and dismisses the complaint pursuant to § 1915(e)(2)(B)(ii).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. This matter is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

2. The application to proceed *in forma pauperis* of Plaintiff Mariama Moore (Dkt. 2) is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 20, 2023
s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge